IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ESRA ABUARQOB,

    Plaintiff,

v.                                   Civil No. 24-3467-BAH

ERIKA CASTRO ET AL.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Esra Abuarqob ("Abuarqob") brings this lawsuit against Erika Castro ("Castro"), Rafat A. Abuarqob ("Rafat"), Bank of America, N.A. ("BANA"), Wells Fargo Bank, N.A. ("Wells Fargo"), Fatin Alkhaleel ("Fatin"), and Ali Alkhaleel ("Ali") (collectively "Defendants"),[1] asserting multiple claims arising from an alleged scheme to steal identities for illicit gain. ECF 16. Pending before the Court are four motions to dismiss Abuarqob's amended complaint filed by Rafat and Castro (ECF 22), Ali (ECF 29), Wells Fargo (ECF 36), and Fatin (ECF 37). Also before the Court are three motions filed by Abuarqob requesting leave to file a second amended complaint adding two additional plaintiffs, Irina Ursu (formerly known as Irina Baluta) ("Baluta") and Mohammed Arqob ("Arqob"), and alleging additional facts in support of several claims. *See* ECF

---

[1] Abuarqob alleges that Erika Castro is also known as "Ericka Castro" and "Golda Herrera Aguilera," ECF 43-1, at 2, and refers to Castro as "Aguilera" throughout the proposed second amended complaint. The Court will refer to her as "Castro" throughout this opinion. Also, to avoid confusion due to their shared surnames, the Court refers to Defendant Rafat Abuarqob as "Rafat" and Plaintiff Esra Abuarqob as "Abuarqob." The Court also refers to Fatin Alkhaleel and Ali Alkhaleel as "Fatin" and "Ali" due to their shared surname.

35, ECF 40, and ECF 43.[2] Numerous responses and replies to the seven motions have been filed by Abuarqob and Defendants. *See* ECF 31 (Abuarqob's response to Rafat and Castro's motion to dismiss); ECF 32 (Abuarqob's amended response to Rafat and Castro's motion to dismiss); ECF 33 (Rafat and Castro's reply); ECF 38 (Rafat and Castro's response to ECF 35); ECF 39 (Ali's response to ECF 35); ECF 41 (Rafat and Castro's response to ECF 40); ECF 42 (Ali's response to ECF 40); ECF 45 (Fatin and Wells Fargo's response to ECF 43); ECF 46 (Rafat and Castro's response to ECF 43); ECF 47 (Ali's response to ECF 43).[3] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

For the reasons stated below, Abuarqob's motion to amend (ECF 43) is GRANTED, except for the request to add Doe plaintiffs. Abuarqob's other motions to amend (ECF 35 and ECF 40) are DENIED AS MOOT, as is Abuarqob's request to delay a ruling on any pending motions to dismiss. Given that the previous complaints are superseded by the filing of the amended complaint, the four motions to dismiss the first amended complaint, ECFs 22, 29, 36, and 37, are DENIED AS MOOT without prejudice to be refiled in the form of a challenge to ECF 43-1, which is now the operative complaint.

---

[2] Though ECFs 35, 40, and 43 are all docketed as individual motions, the arguments in support of Abuarqob's request to file a second amended complaint are found in ECF 35 and ECF 40. ECF 43 simply provides the Court with a copy of the Second Amended Complaint (ECF 43-1) and a redlined version (ECF 43-2) as required by Local Rules 103.6(a) and 103.6(b). Consistent with how the filings have been docketed, the Court will address ECF 43 as an independent motion to amend that incorporates the arguments contained in ECF 35 and ECF 40. Accordingly, the Court will deny as moot ECFs 35 and 40, and address all arguments contained therein as it decides ECF 43.

[3] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I. BACKGROUND

### A. Factual Background

The Court begins by offering a short summary of the allegations contained in the second amended complaint, which the Court accepts as true for purposes of addressing the pending motions. *See Caperton v. Virginia Dep't of Transportation*, 684 F. App'x 322, 323 (4th Cir. 2017) (noting that when assessing whether a proposed amended complaint would be futile, courts "'employ the same standard that would apply to [a] review of a motion to dismiss,'" including "accepting all factual allegations in the amended complaint as true" (quoting *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014))). Abuarqob and proposed plaintiffs Baluta and Arqob (collectively, with Abuarqob, "Plaintiffs") each allege that they came to the United States at different times under J1 student visas and were subsequently employed at one of the various restaurants owned and managed by former spouses Rafat and Castro. ECF 43-1, at 3–4 ¶ 14, at 12 ¶ 69, at 13 ¶¶ 78, 80. Plaintiffs allege that, as a condition of employment, Rafat and Castro required them to provide copies of their identification documents including pictures of Plaintiffs' passports, visas, and social security cards. *Id.* at 4 ¶ 17, at 12 ¶ 71, at 13 ¶ 79. Plaintiffs allege that they later discovered that Rafat and Castro fraudulently opened credit cards and bank accounts with various banking institutions in Plaintiffs' names, including with Wells Fargo and BANA, and created limited liability companies in Plaintiffs' names. *Id.* at 5–6 ¶¶ 26–28, at 7 ¶ 38, at 12–13 ¶¶ 73–74, at 14–15 ¶ 86.

Rafat and Castro allegedly perpetrated this scheme with the assistance of Fatin, a Wells Fargo banker, and her spouse Ali, who allegedly filed the articles of incorporation for at least one of the fraudulent companies. *See id.* at 6 ¶ 28, at 8 ¶ 41, at 9 ¶ 47, at 10 ¶ 51. Arqob also alleges that as part of his employment duties with Rafat and Castro's restaurant, he was instructed to

"collect[] mail from multiple addresses" and "open a [post office] box," where he alleges Rafat, Castro, and others received mail related to the identity theft scheme. *Id.* at 13–14 ¶¶ 81–82, 85. Plaintiffs allege that Rafat, Castro, Fatin, and Ali, along with other perpetrators and entities not parties to this case, "acted in concert with each other to pursue a common interest for the benefit of their enterprise," which Plaintiffs refer to as the "Rafat Enterprise." *Id.* at 9 ¶ 53.

The second amended complaint brings six claims including: violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act against Castro, Rafat, Fatin, and Ali (Count I); fraud against Castro and Rafat (Count II); civil conspiracy against Rafat, Castro, Ali, Fatin "and/or in the alternative Wells Fargo" (Count III); unjust enrichment against Rafat, Castro, Fatin, and Ali (Count IV); negligence against Wells Fargo and BANA (Count V); and violation of 15 U.S.C. § 1681 et seq. against BANA (Count VI). *Id.* at 16–26 ¶¶ 93–155.

Abuarqob has modified Count II of the second amended complaint to remove Wells Fargo, Fatin, and Ali as defendants. *Id.* at 19. Abuarqob also adds allegations involving Baluta and Arqob and includes further factual development in support of the claims. For example, the second amended complaint specifies which Defendants were allegedly involved in certain acts, *see, e.g.*, *id.* at 5–6 ¶¶ 26–27, and includes temporal details to help establish certain elements of Plaintiffs' RICO claim, *see, e.g.*, *id.* at 9 ¶ 48, at 10 ¶ 53–54.

### B. Procedural Background

On November 27, 2024, Abuarqob filed her initial complaint in this case against Rafat, Castro, and BANA. ECF 1. Rafat and Castro filed a motion to dismiss on February 10, 2025, ECF 7, and BANA filed an answer on February 21, 2025, ECF 9. On February 28, 2025, Abuarqob filed an amended complaint as a matter of course, adding Wells Fargo, Fatin, and Ali as defendants and thereby mooting the motion to dismiss at ECF 7. *See* ECF 16 (amended complaint); ECF 21

4

(order denying ECF 7 as moot). On March 13, 2025, Rafat and Castro filed a motion to dismiss the amended complaint. ECF 22. The next day, BANA filed an answer to the amended complaint. ECF 23. On April 8, 2025, Ali filed a motion to dismiss the amended complaint. ECF 29. Abuarqob filed a response in opposition to Rafat and Castro's motion to dismiss, ECF 31, and later amended that response, ECF 32. Rafat and Castro filed a reply. ECF 33. Abuarqob did not respond to Ali's motion to dismiss.

On April 25, 2025, Abuarqob filed a motion for leave to file a second amended complaint (Abuarqob's "First Motion"). ECF 35. Abuarqob sought to add additional plaintiffs to her complaint and requested that the Court rule on Rafat and Castro's motion to dismiss but defer ruling on Ali's motion to dismiss. *Id.* at 2 ¶¶ 10, 13–14. Abuarqob's First Motion did not include a copy of the proposed second amended complaint or a redlined copy reflecting the proposed amendments as required by Local Rule 103.6. Rafat, Castro, and Ali filed responses in opposition to the effort to again amend the complaint. *See* ECF 38 (Rafat and Castro); ECF 39 (Ali). Wells Fargo and Fatin also filed motions to dismiss the first amended complaint. *See* ECF 36 (Wells Fargo); ECF 37 (Fatin).

On May 22, 2025, Abuarqob filed a motion titled "amended motion to amend complaint and defer ruling on Ali Alkhaleel's, Fatin Alkhaleel's, and Wells Fargo's motions to dismiss" (Abuarqob's "Second Motion"), and again failed to include a copy of the proposed second amended complaint. ECF 40. Abuarqob indicated that she would file her proposed second amended complaint "by May 27, 2025." *Id.* at 3 ¶ 15. She also requested that the court defer ruling on all "outstanding motions to dismiss." *Id.* ¶ 16. Rafat, Castro, and Ali filed responses in opposition to Abuarqob's Second Motion. *See* ECFs 41 and 42.

5

Then, on June 4, 2025, Abuarqob filed a "supplemental amended motion to amend complaint and defer ruling on Ali Alkhaleel's, Fatin Alkhaleel's, and Wells Fargo's motions to dismiss" (Abuarqob's "Third Motion"), ECF 43, which included Abuarqob's proposed second amended complaint, ECF 43-1. Wells Fargo and Fatin, Rafat and Castro, and Ali filed their respective responses in opposition to Abuarqob's Third Motion. *See* ECFs 45, 46, and 47. Abuarqob did not file a reply. BANA did not file any motions to dismiss or responses in opposition to Abuarqob's First, Second, or Third Motions. As such, the Court hereinafter refers to Rafat, Castro, Wells Fargo, Fatin, and Ali collectively as the "Moving Defendants."

## II. **LEGAL STANDARD**

Where a plaintiff seeks to amend the operative pleading by adding another plaintiff, a court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Hinson v. Northwest Fin., S. Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). The Supreme Court has articulated that "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

"Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and 'should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 (4th Cir. 2007) (internal quotation marks omitted) (quoting *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)). Under the rule, plaintiffs "may join in one action" if two prongs are satisfied: (1) the plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Courts typically evaluate whether claims arise out of the same transaction or occurrence "on a case by case basis." *Saval*, 710 F.2d at 1031. "The 'transaction or occurrence test' of the rule 'would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Id.* (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)); *see also Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."). The common question of law or fact prong is similarly flexible: Rule 20(a) "does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be *at least one* common question of law *or* fact." *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 384 (D. Md. 2011) (emphasis in *Stephens*) (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1653 (3d ed. 2001)).

Federal Rule of Civil Procedure 15 requires courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While it is within the discretion of a district court to deny leave to amend,[4] "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, "[i]n the absence of any apparent or declared

---

[4] The decision to deny leave to amend under Rule 15(a) is typically reviewed for abuse of discretion. *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 749 (4th Cir. 2021). However, "if the decision is based on futility grounds for failure to state a claim under Rule 12(b)(6), [a reviewing court] will perform a de novo review." *Id.* (citing *United States ex rel. Ahumada*, 756 F.3d at 274).

reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* (citing Fed. R. Civ. P. 15(a)). Consistent with this directive, the Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).

### III. ANALYSIS

Abuarqob moves to file a second amended complaint adding two new plaintiffs and additional facts on the grounds that she "continues to uncover additional evidence and victims of the Rafat Enterprise." ECF 35, at 1 ¶ 3. Ali, Wells Fargo, and Fatin object to the joinder of proposed plaintiffs Arqob and Baluta because the allegations related to them "do not arise from the same transaction, occurrence, or series of transactions and occurrences" as those involving Abuarqob. ECF 45, at 6; *see also* ECF 47, at 3. The Moving Defendants also oppose the filing of the second amended complaint based on futility, asserting that the RICO, civil conspiracy, unjust enrichment, and negligence claims will not survive a motion to dismiss. ECF 45, at 9–14; ECF 46, at 2 ¶ 6; ECF 47, at 5–6. Ali further asserts that filing the second amended complaint would be prejudicial and the procedural irregularities associated with Abuarqob's three motions for leave to amend demonstrate undue delay, bad faith, and dilatory motive. ECF 47, at 6. The Court first addresses the arguments related to the joinder of new plaintiffs and then reaches the question of futility.

#### A. Joinder of Arqob and Baluta under Rule 20

Wells Fargo and Fatin object to joinder of the proposed plaintiffs because Abuarqob has failed to acknowledge, address, or satisfy the standard for adding parties under Rule 20. ECF 45,

at 6. More specifically, Wells Fargo, Fatin, and Ali maintain that the proposed claims "do not arise from the same transaction, occurrence, or series of transactions or occurrences." *Id.*; *see also* ECF 47, at 4 ("The events described by [Abuarqob] in the [second amended complaint] are not part of a 'unified scheme' that justify treating [Abuarqob's] wildly diverse claims together under Rule 20(a)."). Abuarqob, however, contends that the proposed plaintiffs in the second amended complaint are properly connected as "victims of the identity theft scheme of the Rafat Enterprise." ECF 40, at 2.

Wells Fargo and Fatin are correct that Abuarqob does not address the applicability of Rule 20 and instead rests her arguments entirely on Rule 15. *See* ECF 35, at 1; ECF 40, at 1. However, "both Rule 15 and Rule 20 standards are implicated by a motion to amend pleadings to add a new party." *Hinson*, 239 F.3d at 618 (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980)). Abuarqob seeks to "amend the complaint to add additional plaintiffs,"[5] necessarily triggering an analysis under the stricter standard of Rule 20. ECF 35, at 2 ¶ 10; ECF 40, at 2 ¶ 9. Regardless, even under that stricter standard, the Court concludes that Arqob and Baluta are properly joined under Rule 20(a).

As to the first prong of the Rule 20(a)(1) inquiry into whether Plaintiffs assert a right to relief arising out of the same transaction or occurrence, the Court notes that while "[t]here is no clear rule or generalized test in considering whether a set of facts constitute a single transaction or occurrence . . . courts generally construe the phrase 'same transaction or occurrence' liberally insofar as claims arise from the same transaction or occurrence if they have a logical relationship

---

[5] Plaintiff initially sought to add "Jane/John Does 1 through n" as plaintiffs in this action. *See* ECF 35, at 2 ¶ 10; ECF 40, at 2 ¶ 9. However, her proposed second amended complaint does not include these plaintiffs. *See* ECF 43-1. As such, to the extent Abuarqob initially sought to add Doe plaintiffs, that request is denied as moot.

9

to one another." *Stephens*, 807 F. Supp. 2d at 382.  Wells Fargo and Fatin argue that Plaintiffs' claims do not arise out of the same transaction or occurrence because Arqob and Baluta do not allege that any fraudulent accounts were opened at Wells Fargo in their names. ECF 45, at 8. Even if this summary of the allegations is accurate, this does not mean that joinder is necessarily improper, because, as noted, "[a]bsolute identity of all events is unnecessary." *Saval*, 710 F.2d at 1031 (citing *Mosley*, 497 F.2d at 1333). Rather, the flexible transaction or occurrence standard "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding[.]" *Stephens*, 807 F. Supp. 2d at 383. Plaintiffs' claims are reasonably related to one another as Abuarqob, Baluta, and Arqob all assert that they were victimized by an alleged scheme by Rafat and Castro to recruit them as employees only to later steal their identities and fraudulently open bank accounts and businesses in their names. *See* ECF 43-1, at 10 ¶¶ 53–54.

Ali asserts that Arqob and Baluta's allegations do not arise out of the same transaction or occurrence because "'the facts that form the bases for [the] claims are unique to each plaintiff.'" ECF 47, at 4 (quoting *Burns v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 401, 403 (S.D.W. Va. 2004)). More specifically, Ali argues that Plaintiffs' claims "are factually and temporally distinct" from one another. *Id.* However, far from merely having "a claim arising under the same area of law against a common defendant," *Burns*, 298 F. Supp. 2d at 403 (citation omitted), Plaintiffs allege that they were all victimized by the same ongoing scheme perpetrated by the Rafat Enterprise. ECF 43-1, at 10 ¶¶ 53–54.

The Court takes guidance from a recent decision by Judge Rubin addressing the propriety of joining additional plaintiffs who alleged they were victimized by the same kickback scheme. *McCarrell v. Betley*, Civ. No. 1:23-02781-JRR, 2025 WL 326935 (D. Md. Jan. 28, 2025). That case involved a mortgage company allegedly engaged in an arrangement with a title company to

10

refer customers in exchange for kickback payments. *Id.* at *1. The defendant there argued that joinder was improper because the plaintiffs had two separate loans, and therefore, their claims did not arise from the same transaction or occurrence. *Id.* at *3. Judge Rubin disagreed, holding that the separate loans did "not amount to a prohibited separate transaction or occurrence for purposes of Rule 20, especially where the alleged kickback scheme unites them and forms a common basis for their proposed claims." *Id.* (citing *Hinson*, 239 F.3d at 618). Plaintiffs here present a similar scenario. They allege that an identity theft scheme perpetrated by the Rafat Enterprise forms a common basis for their claims which constitutes the same transaction or occurrence in accordance with the liberally construed standard of Rule 20.

Wells Fargo, Fatin, and Ali do not address the second prong of the Rule 20 inquiry and thus it appears undisputed that Plaintiffs' claims contain common questions of law or fact. *See* ECF 45, at 6–8; ECF 47, at 3–5. Indeed, common questions of law and fact arise here because Plaintiffs bring claims alleging Defendants' involvement in a common identity theft scheme perpetrated over several years. ECF 43-1, at 18 ¶¶ 106–108; *see Hinson*, 239 F.3d at 618 (finding that the district court did not abuse its discretion in granting leave to amend where "joining plaintiffs . . . alleged the same or similar types of violations committed by [defendants]" and "similar principles of law would have been applicable to both the original plaintiffs and the joined plaintiffs"). As such, Rule 20(a)'s second prong is satisfied.

### B. Leave to File the Second Amended Complaint Under Rule 15

Moving Defendants also assert that the proposed amendments to the existing complaint are futile and cannot withstand a motion to dismiss.[6] ECF 45, at 9–14; ECF 46, at 3 ¶ 9; ECF 47, at

---

[6] Wells Fargo, Fatin, and Ali, however, do not oppose all amendments to the complaint—specifically, they do not object to Abuarqob removing them as defendants in the fraud claim under Count II of the second amended complaint. ECF 45, at 3; ECF 47, at 1–2.

11

5–6. Ali adds an argument that the filing of the second amended complaint would prejudice all Defendants "by prolonging uncertainty, postponing resolution of his pending dismissal motion, and requir[ing] repeated efforts by all Defendants to respond to legally insufficient allegations." ECF 47, at 6. The Court addresses these arguments in turn.

1. The second amended complaint is not futile

A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *see also* 6 Arthur R. Miller, et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)). This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, Civ. No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, Civ. No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)) (alterations in *Next Generation Grp., LLC*).

Moving Defendants do not argue frivolity as the second amended complaint is not "clearly insufficient or frivolous on its face." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). Instead, Plaintiffs plead facts in support of their allegation that Defendants were involved in an identity theft scheme, seek to add two plaintiffs allegedly harmed by the

misconduct, add additional context to the facts of the existing complaint, and clarify which Defendants are allegedly liable for what conduct. Abuarqob also appears to plead additional facts with greater specificity in an attempt to further refine the fraud claim pursuant to Rule 9(b), which requires that a party plead "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Qian Yuxing v. Ameri-Asia LLC*, Civ. No. SAG-23-2684, 2024 WL 4607424, at *3 (D. Md. Oct. 28, 2024) (determining that amendment to include particularized allegations of fraud pursuant to Rule 9(b) was not "clearly insufficient or frivolous on its face"). Based on the proposed amendments, the second amended complaint is not frivolous.

The Moving Defendants do, however, argue that Abuarqob's proposed amended complaint is futile because it cannot survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). "There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017) (citing *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). The Fourth Circuit has "made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d at 750. "That being said," however, "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion." *Sulton v. Baltimore Cnty.*, Civ. No. SAG-18-2864, 2021 WL 82925, at *3 (D. Md. Jan. 11, 2021). "Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is 'clearly insufficient or frivolous on its face,' and would run contrary to the Fourth Circuit's well-established 'policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil

Procedure 15(a).'" *Id.* (first quoting *Johnson*, 785 F.2d at 510, then quoting *Galustian*, 591 F.3d at 729).

Although the Moving Defendants raise potentially meritorious arguments in favor of dismissal, the Court finds that the application of the Rule 12(b)(6) standard is premature at this time. The arguments in support of 12(b)(6) analysis at this stage are not robust, a fact made clear by the significant difference in detail between the motions to dismiss the existing complaint and the opposition to efforts to amend the complaint. *Compare* ECF 22-1 (Rafat and Castro's motion to dismiss the amended complaint), *with* ECF 46 (Rafat and Castro's response to Abuarqob's Third Motion). Defendants likely intend for the Court to consider both their motions to dismiss the existing amended complaint in tandem with their responses to Abuarqob's motions to amend, however the Court is not inclined to do so. Instead, "[t]hough this procedure is somewhat lacking in efficiency, in this Court's view, the cleanest record will be produced by permitting Plaintiffs' Second Amended Complaint to be filed, and then asking Defendants re-file their arguments in favor of dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard." *Sulton*, 2021 WL 82925, at *3.

### 2. The second amended complaint is not prejudicial

The Court also rejects Ali's argument that an additional amendment to the complaint is prejudicial. "Whether an amendment would be prejudicial is a factual determination. Courts look at the nature of the proposed amendment, the purpose of the amendment, and the time when the amendment was filed." *Equal Rights Ctr. v. Archstone Smith Trust*, 603 F. Supp. 2d 814, 818 (D. Md. 2009) (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)). The Fourth Circuit has explained that

> [a] common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered

14

by the [opposing party, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Laber*, 438 F.3d at 427 (citation omitted).

Here, Abuarqob provides legitimate reasons for amending the operative complaint. After apparently uncovering additional evidence, she wishes to add new consenting plaintiffs and additional facts to refine their claims. ECF 35, at 1 ¶ 3, at 2 ¶ 10; ECF 40, at 1 ¶ 3, at 2 ¶ 9. Plus, the timing of the amendment is not prejudicial since a scheduling order has not issued, no trial has been set, and the parties have yet to engage in discovery. *See Sherwin-Williams Co. v. Coach Works Auto Collision Repair Ctr., Inc.*, Civ. No. WMN-07-2918, 2010 WL 889543, at *2 (D. Md. Mar. 4, 2010) (finding no prejudice because the amendment created no need for additional discovery and a trial date was yet to be set). Additionally, there are no new facts or legal theories asserted against Ali and, as noted, the second amended complaint appears to *remove* him as a defendant in at least one claim. ECF 43-1, at 19. While there is no doubt that his legal expenses may grow if the litigation proceeds, this alone does not render an otherwise permissible amendment prejudicial. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (finding that the district court abused its discretion in denying leave to amend when "all of the allegations sought to be added in [the] amended complaint derived from ... matters already contained in the complaint in some form" despite the defendants' argument that "they would have been required to expend a tremendous amount of time and money" to address the amended complaint). Accordingly, amendment is not prejudicial.

Finally, the Moving Defendants all take issue with Abuarqob's failure to comply with Local Rule 103.6, which required Abuarqob to attempt to obtain consent from other counsel before filing a motion to amend her pleadings, Loc. R. 103.6(d) (D. Md. 2025), and Abuarqob's repeated

15

failure to attach a copy of the proposed amended complaint to her initial motion as required under Loc. R. 103.6(a). *See* ECF 45, at 2; ECF 46, at 2 ¶ 4; ECF 47, at 1. Certainly, Abuarqob (and the plaintiffs) should comply with procedural rules and is advised to do so in the future. And while the Court could have chosen to deny amendment on the failure to adhere to "basic procedural rules," it declines to do primarily because the record provides no support that bad faith or a dilatory motive was behind the procedural missteps noted by the Moving Defendants. *Qian Yuxing*, 2024 WL 4607424, at *1 n.1 (granting leave to amend despite various procedural violations). While there was a delay of a few months between the filing of the first amended complaint and the filing of the proposed amended complaint, this relatively short duration is far from undue. A slight pause in the litigation alone is not sufficient to deny leave to amend. *Brightwell v. Hershberger*, Civ. No. DKC-11-3278, 2015 WL 5315757, at *3 (D. Md. Sept. 10, 2015) ("Delay, however, 'cannot block an amendment which does not prejudice the opposing party.'") (quoting *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990)). Accordingly, Abuarqob is permitted to file the second amended complaint, and Moving Defendants are invited to re-file their arguments in favor of dismissal for the Court's consideration under the Rule 12(b)(6) standard.

### C. All Pending Motions to Dismiss are Denied as Moot

"The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001); *see also Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"). Since the Court is permitting the filing of the second amended complaint, all prior motions to dismiss are deemed moot and must be re-filed, as is Abuarqob's request to delay a ruling on any pending motion to

dismiss. *See, e.g., Colin v. Marconi Commerce Systems Employees' Retirement Plan*, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); *Ledford v. Eastern Band of Cherokee Indians*, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235 at *1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.").

## IV. CONCLUSION

For the foregoing reasons, ECF 35 is **DENIED AS MOOT**; ECF 40 is **DENIED AS MOOT**; and ECF 43 is **GRANTED**, except for any request to add Doe plaintiffs. Abuarqob is **GRANTED** leave to amend the complaint, and the Clerk is instructed to docket Abuarqob's second amended complaint, ECF 43-1. Abuarqob's request for the Court to "defer ruling on the outstanding motions to dismiss," ECF 43, is **DENIED AS MOOT**. The four motions to dismiss, ECFs 22, 29, 36, and 37, are also **DENIED AS MOOT**, without prejudice, and Defendants are permitted to re-file their motions after the second amended complaint is docketed.

A separate implementing order will issue.

Dated: <u>December 10, 2025</u>                                         <u>          /s/          </u>
                                                                        Brendan A. Hurson
                                                                        United States District Judge